KAZEROUNI LAW GROUP, APC
Abbas Kazerounian, Esq. (SBN: 249203)
ak@kazlg.com
Mohammad Kazerouni, Esq. (SBN: 252835)
mike@kazlg.com
Gouya Ranekouhi, Esq. (SBN: 288267)
gouya@kazlg.com
245 Fischer Avenue, Unit D1
Costa Mesa, CA 92626
Telephone: (800) 400-6808
Facsimile: (800) 520-5523

[ADDITIONAL PLAINTIFF'S COUNSEL ON SIGNATURE LINE]

*Attorneys for Plaintiff,*
Joel Abaya

UNITED STATES DISTRICT COURT
EASTERN DISTRICT OF CALIFORNIA

| | |
|---|---|
| JOEL ABAYA, INDIVIDUALLY AND ON BEHALF OF ALL OTHERS SIMILARLY SITUATED,<br><br>Plaintiff,<br><br>v.<br><br>AMERICAN INTERNATIONAL GROUP, INC.,<br><br>Defendant. | Case No.:<br><br><u>CLASS ACTION</u><br><br>COMPLAINT FOR DAMAGES AND INJUNCTIVE RELIEF PURSUANT TO THE TELEPHONE CONSUMER PROTECTION ACT, 47 U.S.C. § 227, ET SEQ.<br><br>JURY TRIAL DEMANDED |

///
///
///
///
///

INTRODUCTION

1. JOEL ABAYA (hereinafter "Plaintiff") brings this Class Action Complaint for damages, injunctive relief, and any other available legal or equitable remedies, resulting from the illegal actions of AMERICAN INTERNATIONAL GROUP, INC (hereinafter "AIG" or "Defendant") in negligently contacting Plaintiff on Plaintiff's cellular telephone, in violation of the Telephone Consumer Protection Act, 47 U.S.C. § 227 et seq., ("TCPA"), thereby invading Plaintiff's privacy. Plaintiff alleges as follows upon personal knowledge as to themself and his own acts and experiences, and, as to all other matters, upon information and belief, including investigation conducted by his attorneys.

2. The TCPA was designed to prevent calls like the ones described within this complaint, and to protect the privacy of citizens such as the Plaintiff. "Voluminous consumer complaints about abuses of telephone technology – for example, computerized calls dispatched to private homes – prompted Congress to pass the TCPA."

3. In enacting the TCPA, Congress intended to give consumers a choice as to how creditors and telemarketers may call them, and made specific findings that "[t]echnologies that might allow consumers to avoid receiving such calls are not universally available, are costly, are unlikely to be enforced, or place an inordinate burden on the consumer. TCPA, Pub.L. No. 102–243, § 11. Toward this end, Congress found that:

> [b]anning such automated or prerecorded telephone calls to the home, except when the receiving party consents to receiving the call or when such calls are necessary in an emergency situation affecting the health and safety of the consumer, is the only effective means of protecting telephone consumers from this nuisance and privacy invasion.

*Id.* at § 12.

4. Congress also specifically found that "the evidence presented to the Congress indicates that automated or prerecorded calls are a nuisance and an invasion of privacy, regardless of the type of call…." *Id.* at §§ 12-13.

## JURISDICTION AND VENUE

5. This Court has federal question jurisdiction because this case arises out of violation of federal law. 47 U.S.C. §227(b).

6. Venue is proper in the United States District Court for the Eastern District of California pursuant to 28 U.S.C. § 1391 for the following reasons: (i) Plaintiff resides in the City of Fairfield, County of Solano, State of California which is within this judicial district; (ii) the conducts complained of herein occurred within this judicial district; and, (iii) many of the acts and transactions giving rise to this action occurred in this district because Defendant:

   (a) is authorized to conduct business in this district and has intentionally availed itself of the laws and markets within this district, and is therefore also subject to personal jurisdiction;

   (b) does substantial business within this district; and,

   (d) the harm to Plaintiff occurred within this district.

## PARTIES

7. Plaintiff is, and at all times mentioned herein was, a citizen and resident of the County of Solano, State of California. Plaintiff is, and at all times mentioned herein was, a "person" as defined by 47 U.S.C. § 153 (39).

8. Plaintiff is informed and believes, and thereon alleges, that Defendant is, and at all times mentioned herein was, a corporation incorporated in the State of Delaware, and headquartered in New York City, in the State of New York. Defendant is, and at all times mentioned herein was, a corporation, and is a "person," as defined by 47 U.S.C. § 153 (39). Defendant is a multinational insurance corporation.

## FACTUAL ALLEGATIONS

9. At all times relevant, Plaintiff was a citizen of the State of California. Plaintiff is, and at all times mentioned herein was, a "person" as defined by 47 U.S.C. § 153 (39).

10. Defendant is, and at all times mentioned herein was, a corporation incorporated in the State of Delaware, headquartered in New York City, in the State of New York, and a "person," as defined by 47 U.S.C. § 153 (39).

11. At all times relevant Defendant conducted business in the State of California and in the County of Solano, within this judicial district.

12. Sometime on or about August 13, 2014, Plaintiff began receiving marketing and solicitation calls on Plaintiff's cellular telephone number ending in "5222" from Defendant.

13. In or about August 2014 and continuing to present, Defendant began contacting Plaintiff on Plaintiff's cellular telephone number ending in "5222" via an automatic telephone dialing system ("ATDS") as defined by 47 U.S.C. § 227(a)(1) and/or an artificial or prerecorded voice, as prohibited by 47 U.S.C. § 227(b)(1)(A).

14. These calls to Plaintiff's cellular telephone ending in "5222" were marketing and/or solicitation calls. These calls were made using an ATDS and/or an artificial or prerecorded voice.

15. At no time did Plaintiff consent to receive such unsolicited telephone calls from Defendant.

16. Defendant used telephone number (800) 850-2729 to place unsolicited calls to Plaintiff's cellular telephone ending in "5222".

17. Through the unsolicited telephone calls, Defendant contacted Plaintiff on Plaintiff's cellular telephone for marketing and solicitation purposes via an "automatic telephone dialing system," ("ATDS") and/or artificial or

prerecorded voice as defined by 47 U.S.C. § 227(a)(1) and prohibited by 47 U.S.C. § 227(b)(1)(A).

18. This ATDS used by Defendant to call Plaintiff has the capacity to store or produce telephone numbers to be called, using a random or sequential number generator.

19. The telephone number Defendant called was assigned to a cellular telephone service for which Plaintiff incurs a charge for incoming calls pursuant to 47 U.S.C. § 227(b)(1).

20. This telephone call was not for emergency purposes as defined by 47 U.S.C. § 227(b)(1)(A)(i).

21. Plaintiff did not provide Defendant or its agent prior express consent to receive telephone calls to his cellphone pursuant to 47 U.S.C. § 227 (b)(1)(A).

22. The unsolicited telephone calls by Defendant, or its agent, violated 47 U.S.C. § 227(b)(1).

## CLASS ACTION ALLEGATIONS

23. Plaintiff brings this action on behalf of themselves and on behalf of all others similarly situated ("the Class").

24. Plaintiff represents, and is a member of the Class, consisting of:

> All persons within the United States who received any telephone call/s from Defendants or their agent/s and/or employee/s to said person's cellular telephone made through the use of any automatic telephone dialing system and/or with an artificial or pre-recorded voice, which call was not made for emergency purposes, within the four years prior to the filing of the Complaint.

25. Defendant and its employees or agents are excluded from the Class. Plaintiff does not know the number of members in the Class, but believes the Class members number in the tens of thousands, if not more. Thus, this

matter should be certified as a Class action to assist in the expeditious litigation of this matter.

26. Plaintiff and members of the Class were harmed by the acts of Defendant in at least the following ways: Defendant, either directly or through its agents, illegally contacted Plaintiff and the Class members via an ATDS and/or a prerecorded voice on their cellular telephones, thereby causing Plaintiff and the Class members to incur certain cellular telephone charges or reduce cellular telephone time for which Plaintiff and the Class members previously paid, and invading the privacy of said Plaintiff and the Class members. Plaintiff and the Class members were damaged thereby.

27. This suit seeks only damages and injunctive relief for recovery of economic injury on behalf of the Class, and it expressly is not intended to request any recovery for personal injury and claims related thereto. Plaintiff reserves the right to modify or expand the Class definition to seek recovery on behalf of additional persons as warranted as facts are learned in further investigation and discovery.

28. The joinder of the Class members is impractical and the disposition of their claims in the Class action will provide substantial benefits both to the parties and to the court. The Class can be identified through Defendant's records or Defendant's agents' records.

29. There is a well-defined community of interest in the questions of law and fact involved affecting the parties to be represented. The questions of law and fact to the Class predominate over questions which may affect individual Class members, including, but not limited to, the following:

   a) Whether, within the four years prior to the filing of this Complaint, Defendant or its agents sent any unsolicited telephone calls (other than a message made for emergency purposes or made with the prior express consent of the called party) to a Class member using any

        automatic dialing and/or artificial or prerecorded voice to any telephone number assigned to a cellular phone service;

b) Whether Plaintiff and the Class members were damaged thereby, and the extent of damages for such violation; and

c) Whether Defendant and its agents should be enjoined from engaging in such conduct in the future.

d) Whether Plaintiff and the Class are entitled to any other relief.

30. As a person who received at least one unsolicited telephone call without Plaintiff's prior express consent, Plaintiff is asserting claims that are typical of the Class. Plaintiff will fairly and adequately represent and protect the interests of the Class in that Plaintiff has no interests antagonistic to any member of the Class.

31. Plaintiff and the members of the Class have all suffered irreparable harm as a result of the Defendant's unlawful and wrongful conduct. Absent a class action, the Class will continue to face the potential for irreparable harm. In addition, these violations of law will be allowed to proceed without remedy and Defendant will likely continue such illegal conduct. Because of the size of the individual Class member's claims, few, if any, Class members could afford to seek legal redress for the wrongs complained of herein.

32. Plaintiff has retained counsel experienced in handling class action claims and claims involving violations of the Telephone Consumer Protection Act.

33. A class action is a superior method for the fair and efficient adjudication of this controversy. Class-wide damages are essential to induce Defendant to comply with federal and California law. The interest of Class members in individually controlling the prosecution of separate claims against Defendant is small because the maximum statutory damages in an individual action for violation of privacy are minimal. Management of these claims is likely to

present significantly fewer difficulties than those presented in many class claims.

34. Defendant has acted on grounds generally applicable to the Class, thereby making appropriate final injunctive relief and corresponding declaratory relief with respect to the Class as a whole.

## FIRST CAUSE OF ACTION
## NEGLIGENT VIOLATIONS OF THE TELEPHONE CONSUMER PROTECTION ACT
## 47 U.S.C. § 227 ET SEQ.

35. Plaintiff incorporates by reference all of the above paragraphs of this Complaint as though fully stated herein.

36. The foregoing acts and omissions of Defendant constitute numerous and multiple negligent violations of the TCPA, including but not limited to each and every one of the above-cited provisions of 47 U.S.C. § 227 et seq.

37. As a result of Defendant's negligent violations of 47 U.S.C. § 227 et seq., Plaintiff and The Class are entitled to an award of $500.00 in statutory damages, for each and every violation, pursuant to 47 U.S.C. § 227(b)(3)(B).

38. Plaintiff and the Class are also entitled to and seek injunctive relief prohibiting such conduct in the future.

## SECOND CAUSE OF ACTION
## KNOWING AND/OR WILLFUL VIOLATIONS OF THE
## TELEPHONE CONSUMER PROTECTION ACT
## 47 U.S.C. § 227 ET SEQ.

39. Plaintiff incorporates by reference all of the above paragraphs of this Complaint as though fully stated herein.

40. The foregoing acts and omissions of Defendant constitute numerous and multiple knowing and/or willful violations of the TCPA, including but not

limited to each and every one of the above-cited provisions of 47 U.S.C. § 227 et seq.

41. As a result of Defendant's knowing and/or willful violations of 47 U.S.C. § 227 et seq., Plaintiff and The Class are entitled to an award of $1,500.00 in statutory damages, for each and every violation, pursuant to 47 U.S.C. § 227(b)(3)(B) and 47 U.S.C. § 227(b)(3)(C).

42. Plaintiff and the Class are also entitled to and seek injunctive relief prohibiting such conduct in the future.

## PRAYER FOR RELIEF

Wherefore, Plaintiff respectfully requests the Court grant Plaintiff and the Class members the following relief against Defendant:

### FIRST CAUSE OF ACTION FOR NEGLIGENT VIOLATION OF THE TCPA, 47 U.S.C. § 227 ET SEQ.

- As a result of Defendant's negligent violations of 47 U.S.C. § 227(b)(1), Plaintiff seeks for himself and each Class member $500.00 in statutory damages, for each and every violation, pursuant to 47 U.S.C. § 227(b)(3)(B).
- Pursuant to 47 U.S.C. § 227(b)(3)(A), injunctive relief prohibiting such conduct in the future.
- Any other relief the Court may deem just and proper.

### SECOND CAUSE OF ACTION FOR KNOWING AND/OR WILLFUL VIOLATIONS OF THE TCPA, 47 U.S.C. § 227 ET SEQ.

- As a result of Defendant's knowing and/or willful violations of 47 U.S.C. § 227(b)(1), Plaintiff seeks for himself and each Class member $1,500.00 in statutory damages, for each and every violation, pursuant to 47 U.S.C. § 227(b)(3)(B).

- Pursuant to 47 U.S.C. § 227(b)(3)(A), injunctive relief prohibiting such conduct in the future.
- Any other relief the Court may deem just and proper.

## TRIAL BY JURY

43. Pursuant to the seventh amendment to the Constitution of the United States of America, Plaintiff is entitled to, and demands, a trial by jury.

Dated: July 6, 2015                                       Respectfully submitted,

**KAZEROUNI LAW GROUP, APC**

By: ____/s/Gouya Ranekouhi_____
ABBAS KAZEROUNIAN
GOUYA RANEKOUHI
ATTORNEYS FOR PLAINTIFF

[ADDITIONAL PLAINTIFF'S COUNSEL]

HYDE & SWIGART
Joshua B. Swigart, Esq. (SBN: 225557)
josh@westcoastlitigation.com
2221 Camino Del Rio South, Suite 101
San Diego, CA 92108
Telephone: (619) 233-7770
Facsimile: (619) 297-1022

LAW OFFICES OF TODD M. FRIEDMAN, P.C.
Todd M. Friedman, Esq. (SBN: 216752)
tfriedman@attorneysforconsumers.com
324 S. Beverly Drive, #725
Beverly Hills, CA 90212
Telephone: (877) 206-4741
Facsimile: (866) 633-0228